Matthias, J.
 

 This is an error proceeding from the order of the Public Utilities Commission, wherein, upon complaint, and after hearing, the commission revoked certificates of public convenience and necessity theretofore issued to Solt and Manning to operate motor transportation passenger busses between the cities of Cleveland and Elyria.
 

 Under these certificates the two persons named had undertaken to and did for some period of time operate busses upon a certain schedule adopted by them, although it does not appear from the record that such schedule had been filed with the commission. The order of revocation was based upon the finding of the commission that in several respects therein stated each of the parties named had
 
 *285
 
 been guilty of infraction of law and the rules of the commission in conducting their operations under the certificates issued to them.
 

 The first of the grounds upon which the order of revocation was based to which we shall refer is that relative to the omission of scheduled trips. The commission found that the defendants at various times had missed a great number of scheduled trips over their respective routes, which they could have made, and that their failure to do so was because of the fact that at such times their busses were being used off their certified routes for special trips to other parts of the state; and, further, that the defendants, and each of them, permitted their busses to be in such condition as to be unsafe and a menace to the traveling public.
 

 Considerable evidence was adduced on the hearing before the commission, which it is not only unnecessary but would be unprofitable to here discuss in detail. From an examination of the record, with a view to determining whether the findings of. fact made by the commission, in the respects referred to, are reasonably supported by the evidence adduced at the hearing, we are constrained to the conclusion that the evidence adduced on the hearing warranted the findings and conclusion of the commission that the plaintiffs in error did disregard their adopted schedule and omit trips for the purpose of using the busses spe • cified in their certificate of convenience and necessity for the purpose of making trips having nothing whatever to do with the routes in connection with which they were certified; and also that at least one of the busses used upon the route in ques
 
 *286
 
 tion was permitted to be in such condition as to be unsafe and to constitute a menace to the traveling public.
 

 The Motor Transportation Act confers upon the Public Utilities Commission broad powers in order that the public convenience and necessity may be served by adequate transportation facilities, and confers like broad powers to regulate the service and safety of operation, and, to that end, to prescribe safety regulations. The commission is also authorized by a specific provision of Section GUST, General Code, at any time for good cause to suspend, and upon at least five days notice to the grantee of any certificate and an opportunity to be heard, to revoke, alter, or amend any such certificate issued by it. Pursuant to the authority conferred by Section 614-86, General Code, the Public Utilities Commission of the state has adopted and published certain safety regulations, which include a requirement that all motor vehicles used in the transportation of passengers shall be equipped with a standard speedometer maintained in good working order, with good and sufficient brakes, with a suitable horn or other signal, and with an extra tire.
 

 The conclusion of the commission respecting the unsafe condition of the busses operated by the defendants was based upon testimony disclosing a violation of the rules referred to, in that a bus of the defendants was being operated without brakes, without spare tire, without sufficient lighting system, and with defective speedometer, for such protracted period as to clearly evidence neglect.
 

 In our opinion the Public Utilities Commission,
 
 *287
 
 upon reaching a conclusion from evidence adduced before it upon hearing that the holder of a certificate issued by it violates the rules prescribed by the commission for the purpose of safeguarding the traveling public, and that he continues such violation for such a protracted period as to indicate neglect, is fully authorized to revoke the certificate of convenience and necessity theretofore issued by it.
 

 Although we find that upon the grounds stated the order of the commission should be affirmed, the record presents other questions which challenge our consideration. The commission found that the defendants used the busses referred to in their certificates off the route for which certified, and for special trips elsewhere, and also operated over their certified routes busses which they had not registered with the Public Utilities Commission, and of which operation no notice was given the commission, and for the use of which, as motor busses, no taxes were paid to the state.
 

 Having reference to busses used off their certified route and for special trips, it is contended that the commission is not concerned with the use that is made of any such equipment, when it is not required to keep the prescribed schedule, provided such equipment is not used over a route which has already been certified to another operator, it being urged that if the operator takes care of his schedule and performs his obligation to the public in that behalf no more can be required of him, and that the commission cannot restrict or limit the use of his equipment so as to prevent the making of casual or special trips upon contract.
 

 
 *288
 
 The defendants have brought themselves within the class defined as a motor transportation company by the provisions of Sections 614-2 and 614-84, General Code, and it is provided by Section 614-87, General Code, that no motor transportation company shall operate any motor-propelled vehicle for the transportation of persons or property for hire between fixed termini or over a regular or irregular route without first obtaining from the Public Utilities Commission a certificate declaring that the public convenience and necessity require such operation. A motor transportation company cannot dedicate its property to the public service over a designated regular route, and, in addition thereto, without the consent of the Public Utilities Commission, use such equipment for the purpose of either operating over an irregular route or making so-called special trips by private contract. If such restrictions were not made and enforced, a motor transportation company would be at liberty to operate its busses indiscriminately, and come in direct competition with busses operated over a regular or irregular route under a certificate of the commission, and thus one of the very purposes of the Motor Transportation Act would be thwarted. A motor transportation company may be awarded a certificate for operation between fixed termini or over a regular route, and also over an irregular route, and when it has such certificate, under the provisions of Section 614-94a, General Code, such company may operate over the irregular route a motor-propelled vehicle, upon which the tax for operation over a regular route has been paid as required by law, without the further payment of
 
 *289
 
 taxes required of motor-propelled vehicles operating over an irregular route. As we have seen, however, the defendants had procured a certificate for operation only over the regular route designated, and had no certificate or permission from the Public Utilities Commission to operate their busses elsewhere. The defendants, having brought themselves clearly within the designation of a motor transportation company, in order to receive the benefits of the provision of the Motor Transportation Act, cannot claim exemption therefrom upon the theory that as to the so-called special trips it is a “private contract carrier,” and it would not be contended that the motor-propelled vehicles referred to are for use of the owners in private business, or that the use thereof for hire was only “casual” and within that exemption provision of Section 614-84, General Code.
 

 The finding of.the commission that the defendants used on their designated route a bus other than those referred to or included in the certificates issued to them is based upon the evidence which shows that a Studebaker bus owned by one Wendt, and operated by another company over a route between Elyria and Norwalk, was procured and used by the defendants in their operation over the Cleveland and Elyria route. This was done, so the record discloses, in order that one of the busses regularly operated over the Cleveland and Elyria route could be diverted and used by the defendants for the purpose of making one of the so-called special trips, which was off the regular route over which they were authorized to transport passengers.
 

 
 *290
 
 The rules of the commission require a prompt report whenever a motor vehicle is substituted or replaced by another, together with a full description and reasons for the displacement. The adoption and enforcement of ■ such rules are of importance because of the requirements with reference to the payment of taxes, and also with reference to the coverage of liability insurance, which the law requires motor transportation companies to carry.
 

 We do not regard as sound the argument that the remedy prescribed by Section 614-100, General Code, for such violations of law and the orders of the commission, is exclusive. Undoubtedly persistent violations of any of the provisions of the Motor Transportation Act, or of the rules and regulations of the commission adopted pursuant to the authority of law vested in it, would constitute “good cause” for which the commission could revoke a certificate.
 

 For the reasons assigned, we do not find the order of revocation by the commission either unlawful or unreasonable, and it is therefore affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.