Robinson, J.
 

 On and prior to March 7, 1923, the Buckeye Transportation Company, an Ohio corporation, was engaged as a common carrier transporting persons by means of motor busses from Dayton, Ohio, to Hamilton, Ohio, and on the 7th day of March, 1923, a receiver was appointed for such corporation by the court of common pleas of Montgomery county, Ohio, and by order of the court the business of transporting persons by busses over the public highway between those points was continued until the 20th day of June, 1923.
 

 On July 27, 1923, the physical assets of the corporation, including the busses used in the transportation of persons, were sold by order of the court.
 

 On January 25, 1924, the receiver filed his final account, was discharged, and his bondsmen and himself released.
 

 On April 7, 1924, upon application, Hubert A. Estabrook was appointed receiver of the Buckeye Transportation Company for the purpose of securing a certificate of public convenience and necessity to operate a bus line over the same route and between the same termini.
 

 On April 11, 1924, such receiver filed an affidavit with the Public Utilities Commission of Ohio, together with the necessary exhibits for the purpose of obtaining a certificate of public convenience
 
 *419
 
 and necessity; it being the position of the receiver that as snch he was entitled to such certificate by reason of the operations of the Buckeye Transportation Company, and that such certificate would be an asset of the corporation, which might be converted into money.
 

 On August 7, 1924, the Public Utilities Commission made a finding of facts in substance as above set forth, and refused to grant such certificate.
 

 The question here presented has been discussed in Case No. 18807,
 
 Westhoven
 
 v.
 
 Pub. Util. Comm., ante,
 
 411, 147 N. E., 759, this day decided, and the decision in that case is determinative of this case.
 

 The certificate of public convenience and necessity is not an asset which may be sold by a receiver. Indeed, the Freeman-Collister Act, in Section 614-85, General Code (110 O. L., 214), makes operation by the receiver unlawful unless a certificate be obtained by him from the Public Utilities Commission.
 

 It has been the theory of the Pfiblie Utilities' Commission that the motor transportation act was enacted for the purpose of promoting the public convenience and necessity, and not for the purpose of creating a property right in any particular route in the recipient of any such certificate; that whatever personal advantage inures to such recipient is an incident to the carrying out of the purpose of serving the public convenience and necessity, but is not an object of the act; that the certificate is personal in character, and does not pass by assignment, succession, descent, or by any other process, from the recipient to any one else.
 

 
 *420
 
 With, the view of the Commission in that respect this court is in entire accord. A receiver without equipment or the means of securing equipment is not entitled to a certificate of convenience and necessity either upon affidavit or upon application, and, were he to secure such certificate, he could not transfer it, and therefore it could not become an asset of the corporation of which he is the receiver.
 

 The order of the Public Utilities Commission is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.