CLARK et al. v. POOR et al., Public Utilities Commission of Ohio.

District Court, S. D. Ohio, E. D.    October 19, 1925.

No. 385.

Carriers ⬤—18(6)—Interstate carrier, which has not offered to comply with valid provisions of Ohio Motor Transportation Act, held not entitled to enjoin enforcement (Gen. Code Ohio §§ 614—84 to 614—102).

A motor transportation company of another state, engaged solely in interstate transportation of property between a terminus in Ohio and one in Indiana, which has made no application to the Public Utilities Commission of Ohio for a certificate of public convenience and necessity, or otherwise offered to comply with provisions of Ohio Motor Transportation 1923 Act, as amended in 1925 (Gen. Code Ohio, §§ 614—84 to 614—102), which have been sustained as valid, as applied to interstate carriers, *held* to have no standing to maintain a suit against the commission to enjoin enforcement of the act against it.

In Equity. Suit by Benjamin H. Clark and Charles Riggs, partners doing business as Clark & Riggs, against George T. Poor and others, constituting the Public Utilities Commission of the state of Ohio. On motion for preliminary injunction. Injunction denied, and bill dismissed.

Bettinger, Schmitt & Kreis and Paxton, Warrington & Seasongood, all of Cincinnati, Ohio, for plaintiffs.

John W. Bricker and W. E. Benoy, both of Columbus, Ohio, for defendants.

Before DONAHUE, Circuit Judge, and WESTENHAVER and HOUGH, District Judges.

PER CURIAM. This suit was brought to enjoin the defendants from enforcing against plaintiffs the provisions of the Ohio Motor Transportation Act of 1923, as amended in 1925, being sections 614—84 to 614—102, General Code of Ohio. It was heard before three judges on an application for a preliminary injunction under Act of October 22, 1913 (U. S. Comp. Stat. 1916, § 998). The defendants having filed an answer prior to this hearing, it was stipulated that the cause should be submitted for final decree upon the merits.

The plaintiffs are a partnership, having their residence and principal place of business at Aurora, Ind. It is admitted in their bill that they are common carriers of property for hire and otherwise, within the definition of a motor transportation company as made by the statutes above referred to. The contention is that because, as such motor transportation company, they are engaged exclusively in interstate commerce, they are not in any wise subject to the provisions of that law, and that defendants may not enforce any of its provisions against them. It is also admitted that they are operating motor vehicles between fixed termini; i. e., between Aurora, Ind., and Cincinnati, Ohio. It is asserted, without dispute, that they make regular and irregular trips, but do not accept for transportation or delivery any property so received, except between these fixed termini. In other words, they are not engaged in any intrastate business.

Plaintiffs have made no application to the Public Utilities Commission for a certificate of convenience or public necessity. Defendants' answers and affidavits show without controversy that the Public Utilities Commission is willing, and has offered, to issue that certificate on condition only that plaintiffs furnish insurance policies required by section 614—99, pay the taxes on each vehicle, as provided by section 614—94, and otherwise observe and comply with the police regulations and orders of the commission, the same as is required of intrastate carriers. Plaintiffs in their bill make no complaint of any specific police regulations, whether prescribed by the Motor Transportation Act or by order of the commission; nor do they complain of any burdensome orders or regulations established or applied to them. They do not even complain of the requirement of the law for keeping a system of uniform accounting.

The answering affidavits of defendants show that no effort has been made to apply this provision of the law to the plaintiffs or other transportation companies engaged in interstate transportation. Hence the controversy resolves itself to the inquiry whether, because defendants intend to enforce the requirement for payment of taxes and the giving of liability and cargo insurance, the plaintiffs are exonerated from all obligation to apply for and take a certificate of necessity and public convenience and observe the provisions of the law applicable to the plaintiffs. As we understand their contention, it is that they are so exonerated solely because they do no intrastate business.

Upon plaintiffs' admission that they are common carriers for hire between fixed termini and otherwise, within the definition of the Motor Transportation Act, it is plain that they are obliged to comply with all the provisions of this law, not unconstitutional, as applied to them. If defendants have been and are willing to grant the certificate, and

are not seeking to enforce any system of uniform accounting against the plaintiffs, and if there is no specific police regulations in the law or orders of the commission complained of, then plaintiffs are without equity, except in so far as the conditions annexed to defendants' offer may be unconstitutional. In Red Ball Transit Co. v. Marshall et al. (D. C.) 8 F.(2d) 635, this day decided, we have held that the tax imposed is not invalid as applied to a motor transportation company engaged in interstate commerce. It is also therein held, on authority of Liberty Highway Co. v. Michigan Public Utilities Commission (D. C.) 294 F. 703, and Michigan Public Utilities Commission v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105, that the liability and cargo insurance requirements are unreasonable and invalid. See our opinion for further discussion. It must be understood that this holding is limited to the specific facts before the court, in our opinion and in the several cases cited, and is not to be taken as holding invalid liability and freight insurance in different situations, such, for instance, as were approved in Re Opinion of Justices, 251 Mass. 569, 147 N. E. 681.

The final order of the court in the Liberty Highway Company Case was that, until the party complaining had offered to comply with the provisions of the law sustained by the court, it was not entitled to an injunction, even as against the provisions held to be invalid. In the present case, no application having been filed for a certificate of convenience and public necessity, and no offer made to comply with any of the provisions of the law, this court cannot now assume that defendants would refuse such a certificate with requirements limited in accordance with the views expressed herein and in opinion in the Red Ball Transit Co. Case.

Plaintiffs are therefore without equity. Their bill will be dismissed, and injunction denied. Costs will be taxed against plaintiffs.