Allen, J.
 

 The plaintiff in error claims that, under the statute governing receivers. (Section 11894
 
 et seq.,
 
 General Code), a receiver has the sole right to transfer a certificate of public convenience and necessity; that he has the right to operate a motor transportation company irrespective of the approval of the Public Utilities Commission; and that, when an application to sell the certificate has
 
 *556
 
 been filed with the Public Utilities Commission prior to the receiver’s appointment, he has a right, without the approval of the commission, to dismiss such application and to operate such motor transportation company.
 

 ■ The plaintiff in error does not cite the specific statute under which he claims, but we assume that it is Section 11897, G-eneral Code, which defines the powers of a receiver. It reads as follows:
 

 “Under the control of the court, the receiver may bring and defend actions in his own name, as receiver, take and keep possession of the property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes. ’ ’
 

 Under this section the powers of the receiver all relate to acts respecting the property or funds
 
 in custodia legis.
 
 But in this case the record discloses that the utility had no assets whatever. The motorbusses which constituted its main assets had been repossessed by the chattel mortgagee of the busses under the terms of an existing chattel mortgage, the obligation of which greatly exceeded the value of the cars, and the mortgagee had sold the busses to the Lake Shore Coach Company. The record shows that the liabilities of the company were far greater than its assets, and the receiver was appointed at the instance of a judgment creditor, whose judgment was not satisfied because of the specific fact that the bus company had no property upon which levy of execution could be made. Therefore the receiver had no property in his hands to administer. He had in effect no company to operate. The certifi
 
 *557
 
 cate of public convenience and necessity was not property.
 
 Estabrook, Recr.,
 
 v.
 
 Public Utilities Commission,
 
 112 Ohio St., 417, 147 N. E., 761;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 80, 155 N. E., 694;
 
 Hogan
 
 v.
 
 Public Utilities Commission,
 
 113 Ohio St., 83, 148 N. E., 581. Hence tbe transfer of tbe certificate was not governed by tbe statutes relating to property in tbe bands of tbe receiver.
 

 Moreover, tbe tmotorbus statute (Section 614-84
 
 et seq.,
 
 General Code) enacted subsequent to tbe statutes governing receivers, including Section 11897, above quoted, specifically provides that no certificate can be transferred except by authority of tbe commission. Unless this is a vain provision,, tbe receiver has not tbe sole and unlimited right to transfer tbe certificate. Tbe statute also states that no receiver can operate a motor transportation company except subject to tbe provisions of tbe act, and hence tbe receiver cannot operate tbe company irrespective of tbe approval of tbe commission.
 

 It is tbe general rule that it is tbe primary duty of a receiver to wind up tbe affairs of an insolvent corporation, and not to operate tbe business. The court may permit continuance of tbe business by tbe receiver temporarily in tbe interest of tbe parties, but should exercise tbe power only with great caution. 23 R. C. L., Section 78;
 
 Peter
 
 v.
 
 Foundry Co.,
 
 53 Ohio St., 534, at page 550, 42 N. E., 690.
 

 We make no bolding upon the question which would arise if tbe receiver in this case bad bad in bis bands property, real or personal, to administer; but under tbe decisions of this court and tbe precise wording of tbe motorbus statutes (Sections 614-
 
 *558
 
 84 to 614-88, General Code, inclusive) we hold that the receiver could not, upon this record, as a matter of right, compel withdrawal of the application to sell the certificate, and that the Public Utilities Commission did not act unreasonably or unlawfully in refusing the withdrawal.
 

 Order affirmed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.