CANNONBALL TRANSP. CO. v. AMERICAN STAGES, Inc., et al.

No. 881.

District Court, S. D. Ohio, E. D.

Nov. 16, 1931.

A. R. Johnson, of Ironton, Ohio, and D. H. Armstrong, of Columbus, Ohio, for plaintiff.

B. W. Waltermire, of Columbus, Ohio, and Robert A. Taft, of Cincinnati, Ohio, for defendants.

HOUGH, District Judge.

This is a proceeding in equity for injunctive relief. The plaintiff company is an Ohio corporation engaged in the bus transportation business, both interstate and intrastate— its business authorized by appropriate certificates granted by the Public Utilities Commission of Ohio.

The injunction is sought against the defendant American Stages, Inc., which is a foreign corporation. The remaining two defendants are Ohio corporations, in no wise opposed in interest, according to the allegations of the petition and the facts, to the interests of the plaintiff company. Jurisdiction obtains by reason of diversity of citizenship between the parties opposed under the issues made by the pleadings.

It was claimed by the plaintiff, and not denied by the defendant American Stages, Inc., that the issues made were properly tryable before a three-judge court, under the provisions of section 266 of the Judicial Code (28 USCA § 380). A three-judge court was convened, which determined the case to be one arising, not under section 266, but tryable to a single judge. See opinion (D. C.) 53 F.(2d) 1050.

Issues were joined by the pleadings, and the case was submitted to this court upon the pleadings, the evidence, the argument of counsel; the plaintiff's plea being for a permanent as well as a preliminary injunction against the defendant American Stages, Inc.

The defendant American Stages, Inc., heretofore had applied to the Public Utilities Commission of Ohio for a certificate of authority and necessity to operate a transportation bus line in interstate commerce, with some features of its application indicating, and construed by the Utilities Commission as applying for, intrastate authority. Upon final hearing, the Public Utilities Commission granted the application of the defendant, the interstate authority, providing the defendant acquire like authority from the commissions of the other states involved. It declined certificating the defendant for that part of the proposed route which crossed and recrossed the Ohio river, thereby eliminating intrastate features of the application, and apparently granting, and intending to grant, only such authority as it was in duty bound and compelled to grant under the constitution and laws of the United States. From the final order of the Board of Public Utilities, the plaintiff appealed, and the defendant American Stages, Inc., failed to appeal; that order now being final in respect to the defendant.

Plaintiff company contends that, having heretofore been granted the authority to establish a bus transportation line, both interstate and intrastate, it is thereby possessed of a franchise and property right; that, having invested its capital in transportation facilities, and having established itself to ade-

quately serve the public demands along its transportation routes, the establishment of another and competing line over the same and parallel routes will thus invade its field of business, reduce or do away with its profits, imperil or destroy its capital investment, contrary to its rights as guaranteed to it under the Fourteenth Amendment of the Constitution of the United States.

 State laws, regulatory in nature, which by the terms thereof deny to common carriers for hire engaged in interstate business the use of the highways, in effect amount to a prohibition of competition, violate the Commerce Clause of the Constitution of the United States, and such legislative enactments, which in their practical application permit infringing upon or burdening interstate commerce, are unconstitutional. Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Bush, etc., v. Maloy et al., 267 U. S. 317, 45 S. Ct. 326, 327, 69 L. Ed. 627; Red Ball Transit Company v. Marshall et al. (D. C.) 8 F.(2d) 635. Likewise, the order of an administrative board or officer, the obedience of which will infringe upon or burden interstate commerce, is unconstitutional. Magnuson v. Kelly (D. C.) 35 F.(2d) 867. It is proper, however, for a state, through its legally constituted administrative board, to require a common carrier by motor to apply for and obtain a certificate or permit for the use of the highways of the state in interstate commerce, and to be required to submit to certain reasonable regulations and the payment of a reasonable tax for the maintenance and repair of the highways, including a portion of the defraying of expenses of the commission and the enforcement of the legislation. Clark et al. v. Poor et al., 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199. The three decisions of the Supreme Court of the United States, and the two decisions of three-judge courts within this Sixth appellate district, just cited, are decisive, to the end that the Ohio Board of Public Utilities first were not clothed with the authority to deny the application of this defendant company a certificate or permit to operate bus transportation in interstate commerce, and that, secondly, it did have the authority and power to require an application as a prerequisite to the right to operate, and thereby require and impose certain reasonable judicially recognized regulations and restrictions. And the final order of the commission granting the application only on condition that the defendant company obtain permits from the other states concerned at this time and for the purposes of this case may be assumed to have been a reasonable requirement, inasmuch as the evidence shows that compliance with the requirement has taken place.

██ ██ As stated above, the plaintiff contends that its certificate of convenience and necessity under which it is operating, both in interstate and intrastate commerce, is a franchise and property right, and as such entitled to the protection of a court of equity. This contention is unfounded. The federal courts will accept the construction of state courts in respect to a law of that state. Hebert et al. v. Louisiana, 272 U. S. 312, 316, 47 S. Ct. 103, 71 L. Ed. 270, 48 A. L. R. 1102.° The construction therefore placed by the court of last resort of the state of Ohio upon the legal effect of a certificate of convenience and necessity issued by the Utility Commission of the state to a bus transportation company pursuant to the laws of the state will be followed by the federal courts, including the Supreme Court, and is certainly binding upon an inferior federal court the situs of which is within the state.

 The Ohio Supreme Court in recent decisions has held that a certificate of convenience and necessity, issued and covering intrastate commerce, which of course is within the entire control of the state, is no more than a revokable license. Pennsylvania R. R. Co. v. Public Utilities Commission, 116 Ohio St. 80, 155 N. E. 694; Estabrook, Receiver, v. Public Utilities, 112 Ohio St. 417, 147 N. E. 761; Westhoven et al. v. Public Utilities Commission, 112 Ohio St. 411, 147 N. E. 759; Hogan et al. v. P. U. C., 113 Ohio St. 83, 148 N. E. 581.

On page 86 of the Pennsylvania R. R. Co., Case (116 Ohio St. 86, 155 N. E. 694, 696), it is said in the opinion: "This court has repeatedly declared that a certificate of convenience and necessity, issued by the Public Utilities Commission to a motor transportation company, is not a franchise, and that the holder of such certificate does not thereby acquire a property right in the route covered by such certificate; that the issuing of such certificate is authorized only for the purpose of promoting the public convenience and necessity, and not for the purpose of conferring upon the holder of such certificate any proprietory interest or franchise in the public highways; * * * that a certifi-

cate of convenience and necessity is in the nature of a revokable personal permit, and has not the attributes of a property right." To the same effect are the other cases just cited.

If an intrastate certificate, the issue or refusal to issue of which is within the entire control of the state, when granted, transfers to the recipient no franchise or property right, certainly it may not be said that the issue of an interstate certificate, wherein the state may not deny the permit, but only regulate its use, would or could have any standing as a property right.

The plaintiff places great reliance upon the case of Frost v. Corporation Commission of Okla. et al., 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483. In that case, the laws of Oklahoma by the action of the legislative branch of its government constituted the business of ginning of seed cotton for the public for profit to be a public utility, and as such placed it within the regulatory control of the state, and under the legislative machinery provided for the granting of authority to the constituted public utilities to carry on the business. The Supreme Court held that the permit to the public utility was not a mere license, but a franchise granted in consideration of the performance of a public service, and that the franchise constituted a property right within the protection of the Fourteenth Amendment. It held that the right was not exclusive to the extent of precluding the state from making similar valid grants, but was exclusive against others attempting to operate in competition, either under a void permit or no permit at all. That case cannot be regarded as applicable to the issue in the instant case. In that case a provision of law itself created the property right. In this case, as has been shown, there is no property right. In that case the state had the undivided control of the subject-matter, and in this case the state has no control over the subject-matter except the right to impose reasonable restrictions and regulations concerning the method of use, and the further right to exact a reasonable amount for upkeep, repairs, and costs.

The protection here urged upon the court is not a protection covered by the Fourteenth Amendment to the Constitution, but presents only a picture of competition such as is found in various other lines of business.

The relief prayed for may be denied, and the case dismissed, at the cost of the plaintiff.