Matthias and Myers, JJ.,
 

 dissenting. We concur in an affirmance of the order in cause No. 26739, but are of the opinion that the orders in causes Nos. 26757, 26758, 26759 and 26762 should be reversed and remanded.
 

 
 *400
 
 Referring to cause No. 26739,
 
 we
 
 are not here concerned with the motive or jurisdiction of the federal court in authorizing the receiver to cause to be organized an Ohio corporation for the purpose of operating busses in the territory in question.
 

 However, a court will examine the record to determine whether the organization of such a corporation followed the requirements of the statutes of Ohio. The record does not disclose any facts or circumstances that would render invalid the incorporation of Lake Shore Coach Lines, Inc. In reviewing the action of the Public Utilities Commission of. Ohio, authorizing that company to. issue certain securities, we are unable to say that the order of the commission was unlawful or unreasonable in cause No. 26739.
 
 Society Perun
 
 v.
 
 Cleveland,
 
 43 Ohio St., 481, 3 N. E., 357;
 
 Gaff
 
 v.
 
 Flesher,
 
 33 Ohio St., 107;
 
 Hagerman
 
 v.
 
 Ohio Building & Savings Assn.,
 
 25 Ohio St., 186.
 

 Once organized, however, Lake Shore Coach Lines, Inc., stands upon its own feet the same as any other newly created corporation. The new corporation is subject to Ohio law the same as any other corporation. It is a new creature and must be considered as any other new company coming into the transportation field and seeking a certificate of convenience and necessity from the Public Utilities Commission of Ohio.
 

 There was no proof of adequate financial responsibility to warrant the issuance of the certificate sought by the Lake Shore Coach Lines, Inc. The total amount available at the time the certificate was granted was $500. Such a sum is obviously inadequate for equipment necessary for the route in question. The resources of the new company must be measured as of the time when the certificate was issued. Otherwise undue emphasis would necessarily attach to the value of the certificate itself, even as was testified to in the present proceedings.
 
 Pennsylvania Rd. Co. v. Public Utilities Commission,
 
 116 Ohio St., 80, 155 N. E., 694;
 
 *401
 

 Estabrook, Recr.,
 
 v.
 
 Public Utilities Commission,
 
 112 Ohio St., 417, 147 N. E., 761.
 

 It is, claimed that the motion to augment the record, if granted, would show Lake Shore Coach Lines, Inc., to be possessed of financial resources' ample and adequate for equipment to serve the needs of the territory involved. That motion was denied for the reason that this review is of the status of the proceedings at the time the certificate was granted to the new company. What financial responsibility might be shown by the new company upon a reconsideration of this question is not now before the court.
 

 It being conceded that the action of the commission in causes Nos. 26758, 26759 and '26762 was primarily based upon the prior granting of a certificate to Lake Shore Coach Lines, Inc., in cause No. 26757, those cases should likewise be remanded to the Public Utilities Commission for further hearing, consideration and action.