HEDWIG EFFENBERGER ET AL., APPELLEES, V. FRED P. MARCONNIT, APPELLANT: NEBRASKA STATE RAILWAY COMMISSION, APPELLEE.

283 N. W. 223

FILED JANUARY 4, 1939. No. 30433.

*John J. Ledwith* and *Ginsburg & Ginsburg,* for appellant.

*Arthur C. Pancoast, contra.*

Heard before ROSE, C. J., PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

CARTER, J.

This is an appeal from an order of the railway commission of this state finding that the respondent, Fred P. Marconnit, had no right to operate a bus line under a certificate of convenience and necessity issued on May 12, 1936, and further finding that complainants Hedwig Effenberger, Bernard Effenberger and Marie Schoenberg were the holders of such certificate and ordering that the respondent cease and desist from operating the bus line.

The record discloses that on January 4, 1936, the Safety Motor Lines made application to the railway commission for a certificate of convenience and necessity to operate a bus line between Fort Crook, Nebraska, and Twenty-fourth and N streets in the city of Omaha. On January 21, 1936, the railway commission entered its opinion and order, finding that the Safety Motor Lines was a copartnership consisting of Fred P. Marconnit, Bernard Effenberger, Hedwig Effenberger and William Longman, Jr., and granting the certificate of convenience and necessity subject to certain conditions. On May 12, 1936, the railway commission found that all the conditions imposed by its previous order had been complied with by the Safety Motor Lines, that the copartnership then consisted of Hedwig Effenberger, Bernard Effenberger and Marie Schoenberg, and ordered that the Safety Motor Lines might continue operating the bus line.

On September 18, 1936, Marie Schoenberg commenced a suit in the district court for Douglas county against the respondent, in which she alleged that the Safety Motor Lines was a copartnership composed of herself, Hedwig Effenberger and Bernard Effenberger and asking that the respondent, Fred P. Marconnit, be restrained from interfering with the Safety Motor Lines in any way. Hedwig Effenberger and Bernard Effenberger filed petitions in intervention joining in the petition of Marie Schoenberg. Respondent, in his answer, contended that he was at all

times the owner of Safety Motor Lines and that complainants had merely lent the use of their names to him. On April 23, 1937, the court found for the respondent and against the complainants, finding specifically that respondent was the owner of. Safety Motor Lines, "together with its equipment, rights and privileges." From this decree no appeal was taken.

On June 11, 1937, the complainants herein filed their complaint with the railway commission, alleging that respondent was unlawfully operating a bus line without a certificate of convenience and necessity. On August 27, 1937, the railway commission, after a hearing, entered an order so holding, but finding further that an order to cease and desist could not be enforced without supplemental proceedings in the district court, and dismissed the complaint.

On January 25, 1938, complainants filed a motion for a modification of the order of August 27, 1937. The railway commission, on February 5, 1938, after another hearing, found that respondent had no right to operate the Safety Motor Lines and ordered him to cease and desist. The order also found that complainants were entitled to the rights and privileges conferred by the certificate of convenience and necessity issued to the Safety Motor Lines. From this order the respondent appeals.

It is not contended that the railway commission does not have the power to require a certificate of convenience and necessity before one may engage in the operation of a bus line between fixed termini. This court has held that the grant or denial of a certificate of convenience and necessity by the railway commission is the exercise of an administrative or legislative power. *Publix Cars, Inc., v. Yellow Cab & Baggage Co.*, 130 Neb. 401, 265 N. W. 234. In that case we also said: "An appeal to this court from such an order involves only the questions whether the railway commission acted within the scope of its authority and whether its order is supported by evidence showing that the order is not unreasonable or arbitrary. Where the action of the railway commission is not unreasonable or arbi-

trary and does not exceed its powers, this court will not interfere with its findings of fact, because they involve an administrative rather than a judicial question."

The question of primary interest in this case is whether the decree of the district court for Douglas county, adjudging that the property used by Safety Motor Lines, "together with its equipment, rights and privileges," was owned by the respondent, is a judicial determination that is binding upon the railway commission. It is apparent that the district court for Douglas county, by its decree, attempted to assign the certificate of convenience and necessity issued by the railway commission on January 21, 1936, as amended on May 12, 1936, and that it is upon this assignment that respondent must rely. A proper determination of this question requires an understanding of the nature of a certificate of convenience and necessity.

In *Pennsylvania R. Co. v. Public Utilities Commission,* 116 Ohio St. 80, 155 N. E. 694, the court, in discussing the nature of a certificate of convenience and necessity, said: "This court has repeatedly declared that a certificate of convenience and necessity, issued by the Public Utilities Commission to a motor transportation company, is not a franchise, and that the holder of such certificate does not thereby acquire a property right in the route covered by such certificate; that the issuing of such certificate is authorized only for the purpose of promoting the public convenience and necessity, and not for the purpose of conferring upon the holder of such certificate any proprietary interest or franchise in the public highways; that the purpose in limiting the number of certificates that may be granted over the same route is to promote the public convenience and necessity by restricting the number of busses to the needs of the public, and thus occasion as little inconvenience as possible to the public using the highway in the usual and ordinary way, and to insure to the holder of the certificate such immunity from competition as will enable him to serve the public convenience and necessity by regular and continuous public service; that a certificate of con-

venience and necessity is in the nature of a revocable personal permit, and has not the attributes of a property right." See, also, *Westhoven v. Public Utilities Commission*, 112 Ohio St. 411, 147 N. E. 759; *Scheible v. Hogan*, 113 Ohio St. 83, 148 N. E. 581; *Blackmore v. Public Utilities Commission*, 117 Ohio St. 554, 160 N. E. 27.

The distinction between a franchise and a certificate of convenience and necessity is aptly made in *Re St. Johns River Line Co.* (1935) 7 P. U. R. n. s. 268, as follows: "A certificate of public convenience and necessity, however, is distinctly different from the grant of a franchise to use and occupy streets. The franchise to use and occupy streets is a grant of a limited property right for the use of public streets, while a certificate of public convenience and necessity is strictly a regulatory measure, and the granting or withholding of a certificate is an exercise of the power of the state to determine whether the rights and interests of the general public will be advanced by the prosecution of the enterprise which it is proposed to carry on for the service of the public."

In the early case of *Martin v. State*, 23 Neb. 371, 36 N. W. 554, this court had occasion to discuss the effect of a license as distinguished from a franchise in the following language:

"In support of this contention, it is insisted that the license is a franchise, or public right, vested in the individual, and for which he has paid a consideration, and therefore it has all the necessary elements of property under the provisions of the Constitution that, 'No person shall be deprived of life, liberty, or property, without due process of law.' * * * There is no *vested* right in a license to sell intoxicating liquors, which the state may not take away at pleasure. *Pleuler v. State*, 11 Neb. 575. Such licenses are not contracts between the state or municipality issuing them and the licensee, but are mere temporary permits to do what otherwise would be unlawful. *Board of Excise v. Barrie*, 34 N. Y. 657. They are subject to the direction of the government, which may revoke them as it deems fit,

and may be abrogated by the adoption of a municipal ordinance prohibiting the sale of liquors. *Columbus v. Cutcomp,* 17 N. W. (Ia.) 47.

"The laws of 1881 (Comp. St., ch. 50), commonly known as the Slocumb law, absolutely prohibits the entire traffic in intoxicating liquors 'by the most expressive language,' giving only an exception where the license or permit is issued. *Pleuler v. State, supra,* 576. We therefore conclude that there is no such vested right or essential element of property in a license as to bring it within the provision of the Constitution above quoted."

We necessarily conclude that a certificate of convenience and necessity is in the nature of a permit or license and that it is not property in any legal or constitutional sense. It is a mere license that can be amended or revoked by the power authorized to issue it. Such being the case, it is personal in its character, is not transferable, and does not pass by succession. It is purely a regulatory measure that can vest no property right in the holder. This being true, the railway commission has the sole power to grant, amend, deny, revoke or transfer a certificate of convenience and necessity. An attempt on the part of the district court to so do is without legal sanction.

The record shows that the certificate of convenience and necessity was first issued to Safety Motor Lines, which was a copartnership composed of respondent, Bernard Effenberger, Hedwig Effenberger and William Longman, Jr. Subsequently, by an order of the commission, the certificate was continued in the name of Safety Motor Lines, a copartnership consisting of Hedwig Effenberger, Bernard Effenberger and Marie Schoenberg. From that time on, respondent did not have a certificate of convenience and necessity and the railway commission properly so held. Until such time as the respondent obtains a certificate of convenience and necessity to operate a bus line, he cannot lawfully so do. The order of the railway commission ordering the respondent to cease and desist from operating a bus line in the instant case was not arbitrarily made. It

was the only order that could properly be entered on the evidence adduced.

AFFIRMED.