FRED P. MARCONNIT, APPELLEE, v. BERNARD EFFENBERGER ET AL., APPELLANTS.

283 N. W. 226

FILED JANUARY 4, 1939. No. 30493.

*Arthur C. Pancoast,* for appellants.

*John J. Ledwith, Herman Ginsburg, B. S. Baker* and *Edward Shafton, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is a suit for an injunction in which the plaintiff, Fred P. Marconnit, asks that the defendants be enjoined from interfering in any manner with the operation of plaintiff's bus line and that said defendants also be enjoined from operating a competing bus line under a certificate of

convenience and necessity issued by the railway commission of this state, which plaintiff claims belongs to him exclusively. The trial court granted an injunction and defendants appeal.

The record discloses that on January 21, 1936, the railway commission granted a certificate of convenience and necessity to the Safety Motor Lines, a copartnership consisting of plaintiff, Bernard Effenberger, Hedwig Effenberger and William Longman, Jr., subject to certain conditions, for the operation of a bus line between Fort Crook, Nebraska, and Twenty-fourth and N streets in the city of Omaha. On May 12, 1936, the railway commission found that all conditions imposed had been complied with and ordered that the certificate of convenience and necessity should continue in the name of the Safety Motor Lines, a copartnership at that time consisting of Hedwig Effenberger, Bernard Effenberger and Marie Schoenberg. On September 18, 1936, Marie Schoenberg commenced a suit against the plaintiff herein, in which Hedwig Effenberger and Bernard Effenberger joined as interveners, in which suit Marie Schoenberg and the interveners claimed to be the sole owners of Safety Motor Lines and asked that Fred P. Marconnit be enjoined from interfering with their ownership thereof. In his answer, Fred P. Marconnit claimed to be the owner and alleged that the plaintiff and interveners had loaned the use of their names to him and that he was at all times the sole owner of Safety Motor Lines. A trial was had resulting in a decree finding that defendant therein, Fred P. Marconnit, was the sole owner of Safety Motor Lines, "together with its equipment, rights and privileges." From this decree no appeal was taken.

On February 5, 1938, after a hearing based upon a complaint supported by evidence, the railway commission found that plaintiff herein, Fred P. Marconnit, had no right to operate the Safety Motor Lines for the reason that he had no certificate of convenience and necessity and ordered him to cease and desist operation thereof. This order was appealed from and affirmed by this court in the companion

case of *Effenberger v. Marconnit, ante,* p. 558, 283 N. W. 223.

This suit was commenced on January 6, 1938, by plaintiff, Fred P. Marconnit, praying that the defendants, Hedwig Effenberger and Bernard Effenberger, be restrained from interfering with plaintiff's business and from operating a bus line under the rights and privileges which have been granted to plaintiff by virtue of the certificate of convenience and necessity which he purports to own. Service of process was not had upon Marie Schoenberg and she was not, therefore, a party to the suit. The trial court perpetually enjoined the defendants from operating any motor transportation or bus line under the certificate of convenience and necessity involved herein and also enjoined the defendants from interfering with plaintiff's business and operations under said certificate of convenience and necessity. The correctness of this decree is before the court on this appeal. A more extensive statement of the facts may be found in *Effenberger v. Marconnit, supra.*

The railway commission has the power to regulate the rates and services of, and to exercise a general control over, all common carriers engaged in the transportation of passengers within the state. Const. art. IV, sec. 20; Comp. St. 1929, sec. 75-201. We have heretofore held that the requirement of a certificate of convenience and necessity by the railway commission is not an unreasonable regulation, and that the grant or denial of such a certificate requires the exercise of administrative and legislative powers. *Publix Cars, Inc., v. Yellow Cab & Baggage Co.,* 130 Neb. 401, 265 N. W. 234. We also have held that a certificate of convenience and necessity to operate a bus line is in the nature of a permit or license, personal in its nature, and is not property in any legal or constitutional sense. The same case also holds that the requirement of a certificate of convenience and necessity is purely a regulatory measure and the railway commission has the sole power to grant, deny, amend, transfer or revoke such a certificate. *Effenberger v. Marconnit, supra.*

We also hold that the judgment of the district court de-

creeing that Fred P. Marconnit was the owner of the Safety Motor Lines and the property used by it is a final determination of that question, no appeal having been taken therefrom. The trial court was without the power, however, to assign or transfer the certificate of convenience and necessity from the copartnership of Hedwig Effenberger, Bernard Effenberger and Marie Schoenberg, doing business as the Safety Motor Lines, or its subsequent trade-name of Fort Crook-Bellevue Boulevard Line, to Fred P. Marconnit. This was a function committed by law to the railway commission. The power of the court in such matters is limited to the enforcement of the orders of the railway commission as provided in section 75-509, Comp. St. 1929.

The power of the courts over the administrative and legislative orders of a public utilities commission, such as the railway commission of this state, is ably discussed in *State v. Public Service Commission,* 324 Mo. 270, 23 S. W. (2d) 115, wherein the court said:

"The power to grant, or to refuse to grant, to a public utility a certificate of convenience and necessity is committed to the discretion of the Public Service Commission, within defined limits, and not to the circuit court or to this court. Respondent seeks to justify the judgment of the circuit court reversing the commission's order and remanding the cause with instructions to grant the certificate applied for, on the ground that the action of the commission in making its finding and order was quasi-judicial, and that being true a court of equity upon review was bound to affirm the order, set it aside, modify it, or to make one of its own, according to what it deemed right and equitable under the facts found by it. It would be a work of supererogation at this late day to enter upon an analysis of governmental powers in order to point out the line of demarcation between those with which the Public Service Commission is invested by statute and those exercised by the courts. The constitutionality of the Public Service Commission Law has been considered by this court from every angle in that regard, and the chart it furnishes may now safely be followed.

"It is true that all orders of the commission are subject to judicial review, and that suits brought for such review must be 'tried and determined as suits in equity.' But after the chancellor has made his own finding of the facts the only application he can make of them is to determine from them whether the order under review is reasonable and lawful. If he finds it both reasonable and lawful, it is his duty to affirm it; if he finds it either unreasonable or unlawful, he must set it aside. He cannot modify it or entirely displace it with one of his own, as was done by the circuit court in this case. * * * When an order is set aside the court may remand the cause to the commission for such further action *as it may desire to take;* the court oversteps the boundaries of its jurisdiction when it attempts to tell the commission what the action should be. There seems to be one exception to this: When the commission has excluded evidence that it should have received, the cause may be remanded with directions that it hear such evidence and then make a new order."

The record clearly shows that the certificate of convenience and necessity involved in this suit is in the name of a copartnership consisting of Marie Schoenberg, Hedwig Effenberger and Bernard Effenberger. The district court does not have the power to transfer it to any one else, that power being exclusively lodged in the railway commission. The copartnership named, therefore, has a certificate of convenience and necessity to operate a bus line from Fort Crook, Nebraska, to Twenty-fourth and N streets in Omaha. The contention is made that it owns no busses or other property required by the commission to entitle it to operate. This may be true, and possibly, if complaint is made, the railway commission may come to a like conclusion, for aught we know, but this can avail the plaintiff nothing. Until such action be taken by the railway commission, the defendants clearly have the necessary authority to operate their line.

We necessarily conclude that the order of the trial court enjoining the defendants from in any manner operating

or attempting to operate any motor transportation or bus line or service, under the certificate of convenience and necessity involved in this suit, is erroneous. For the reasons herein stated, the decree of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.