By the Court.
 

 Two questions are presented by this record:
 

 First, the right of the Ohio Transit Company to operate the 18-passenger bus. This question has been heretofore determined in the case of
 
 Scioto Valley Railway & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 358, 154 N. E., 320, decided November 23, 1926. The seven 7-passenger busses authorized by fife (Certificate granted upon affidavit based on the operations of April 28, 1923, together with the 18-passenger bus thereafter authorized, were recognized as the Ohio Transit Company’s authorized equipment. That case being between the same parties, and involving, among other things, the right to operate this 18-passenger bus, and no rehearing upon that point having been either asked or granted, we regard the matter as adjudicated and decline to disturb the findings of the commission relative thereto.
 

 Second, was the finding of the commission unreasonable or unlawful in refusing to cancel the certificate of the Ohio Transit Company, or, in the alternative, in refusing to order the Ohio Transit Company to cease from further illegal operation, because the Ohio Transit Company removed 9 individual seats from each 16-passenger bus and then proceeded to operate the same 16-passenger busses with such seats removed, ostensibly as 7-passenger ears?
 

 The deliberate violation of an order of this court constitutes good ground for cancellation of
 
 *67
 
 the certificate. The order of the commission embodied the order of this court, and we shall proceed to consider whether that order was violated.
 

 The court will take judicial notice that a 7-passenger motor bus is a vehicle distinct and different from a 16-passenger motor bus. While it is true that the floor space of 7-passenger cars built by different manufacturers may vary, it is also true that a 7-passenger car is not a 16-pas-senger car. The ordinary 7-passenger pleasure car, which has two of its seats folded up into the front seat, still remains a 7-passenger car. A 16-passenger car which has 9 individual seats removed still remains a 16-passenger car, and an order to use 7-passenger busses cannot be complied with by using 16-passenger busses. The motor bus statutes were enacted not only for the purpose of regulating injurious competition between common carriers, but also for the purpose of minimizing the destruction of the highways done by heavy traffic. Irrespective of the numbers of passengers that are carried in each of these 16-passenger busses, which are shown by the record fairly often to have carried more than seven passengers since the issuance of the order of this court commanding the Ohio Transit Company to desist from the operation of 16-passenger busses, the wear and tear upon the highways and the expense to the taxpayers are greater from the use of these 16-passenger ears than they would be from the use of genuine 7-pas-senger cars. Moreover, while in fact operating 16-passenger cars, the company is paying tax only upon 7-passenger cars. The removal of nine individual seats from the 16-passenger bus gives
 
 *68
 
 opportunity for numerous extra passengers to sit upon the floor, upon papers, and upon packages, as the record shows has been done in this case, and offers every possible opportunity of evading the order of this court and of the commission. The excuse that the Ohio Transit Company was unable to secure 7-passenger busses is beside the mark. It would have been possible to trade in the 16-pas-senger cars for 7-passenger cars, and that can still be done. Since the order of this court and of the commission has been disobeyed as to the 16-passen-ger busses, that part of the order of the Public Utilities Commission which relates to the 16-pas-senger busses will be reversed, and that branch of the case will be remanded to the Public Utilities Commission for proceedings in accordance with this opinion, with instructions to order discontinued the use of the 16-passenger busses, and with instructions to cancel the certificate within 30 days unless the order is complied with. That part of the order of the Public Utilities Commission which relates to the 18-passenger bus will be affirmed.
 

 Order reversed in part and affirmed in part.
 

 Allen, Kinkade, Robinson and Matthias, JJ., concur.