By the Court.
 

 On November 13, 1928, the Dayton & Troy Electric Bailway Company, which operates an interurban electric railway between Dayton and Piqua, filed with the Public Utilities Commission a complaint against the Inter-Cities Coach Company, alleging various irregularities in the operation of its bus line between Dayton and Sidney. The commission, on April 22,1929, after a full hearing, found that the Inter-Cities Coach Company had “failed to comply with various rules and regulations of the commission. Some of the occurrences complained of were occasioned by adverse operating conditions; others were avoidable and wholly without justification.” The finding and order of the commission further reads as follows:
 

 
 *390
 
 “From the record, however, the commission finds that a continnons operation has been maintained under certificate of public convenience and necessity No. 19 between Dayton and Sidney, since 1923, and that a public convenience and necessity exists for such service.
 

 “The commission further finds that the defendant should be, and hereby it is accorded a period of thirty days within which to correct all improper practices and conditions in its operations and to bring the same within strict compliance with the provisions of law and the rules and regulations of this commission governing the operation of motor transportation companies * *
 

 The order of the commission then set forth in detail the changes in equipment and operation required, and deferred for a period of 40 days further consideration of said matter.
 

 On the overruling of an application for a rehearing, a petition in error was filed in this court. Thereafter, on June 25, 1929, after due notice to all the parties, a further hearing of said complaint was had before the commission, whereupon the commission found as follows: “That the defendant, the Inter-Cities Coach Company, is now maintaining its operations under Certificate of Public Convenience and Necessity No. 19 in strict conformity to the requirements of law and of this commission; that in adopting a comprehensive program of improvements, the defendant has substituted for operation under said Certificate of Public Convenience and Necessity No. 19, five busses of twenty-two passenger carrying capacity for a like number of cars of twenty-four passenger carrying capacity, which substitution
 
 *391
 
 does not inconvenience the public and should be, and hereby is approved, and that the complaint herein should now be dismissed.”
 

 On the overruling of a further application for a rehearing, error was prosecuted to this court by a separate proceeding, and the two cases were heard and submitted together.
 

 Complaint is made of the portion of the finding of the commission wherein it finds “that a public convenience and necessity exists for such service.” The certificate of the Inter-Cities Coach Company was granted on affidavit under the provisions of Section 614-87, General Code. In the hearing now under consideration, the question of public convenience and necessity was not in issue, and therefore the finding of the commission in that regard must be treated as surplusage.
 

 It is contended by the plaintiff in error that, under the facts disclosed by the record and by reason of the findings of the Public Utilities Commission, its order of April 22, 1929, was unreasonable and unlawful; the precise complaint being that, in granting the bus company a period of probation and affording an opportunity to correct the defects of equipment and irregularities of operation, instead of summarily revoking its certificate, the Public Utilities Commission grossly abused the discretion reposed in it by statute.
 

 The authority of the Public Utilities Commission is conferred by statute. Section 614-87, General Code, provides as follows: ‘ ‘ The commission may at any time for a good cause * * * revoke, alter or amend any certificate issued under the provisions of this chapter.”
 

 
 *392
 
 It must be conceded that under its findings, amply supported by the record, the commission would have been fully warranted in summarily canceling the certificate of the bus company. Motor transportation companies should be required to comply with the provisions of the law and the rules and regulations prescribed by the Public Utilities Commission, and this court has in every instance approved the action of the Public Utilities Commission in revoking a certificate of a bus company guilty of such violation, and has affirmed its order. It is obvious, however, that the statute above quoted conferring upon the Public Utilities Commission the power and authority of regulating the operation of bus lines, reposes in that tribunal some discretion in that regard. It is our opinion that that discretion is not abused where a reasonable time is granted the utility by the commission to comply with its regulations. A similar order was made by this court in the case of
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities
 
 Commission, 117 Ohio St., 64, 157 N. E., 475. The orders in these cases will be affirmed.
 

 Orders affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.