Marshall, C. J.
 

 The 'Court of Appeals of Mahoning county heard this case upon evidence and made a general finding in favor of the plaintiffs. It does not appear by the journal entry on file whether this conclusion was reached upon evidence establishing the fáct of interference with property rights, or whether it may have been reached upon evidence establishing the fact of unlawful discrimination, or whether, upon the other hand, that court merely decided as a legal proposition that, where there is a conflict between a city ordinance and an order of the Utilities Commission, the order of the Utilities Commission shall prevail. It is professionally stated in the briefs that the court merely decided the legal question of conflict. Inasmuch as this case involves motor transportation entirely within the city of Youngstown, the principles declared in the case of
 
 Lorain Street Ry. Co.
 
 v.
 
 Public Utilities Com
 
 
 *89
 

 mission, ante,
 
 68, 148 N. E., 577, decided this day, must be held to be controlling. Having read all of the evidence in the case, and especially that portion of the traffic ordinance which defines the different characters of motor vehicles, and which fixes the places where each class may receive and discharge passengers, we are of the opinion that a clear case of discrimination has not been made. It must be borne in mind that the busses owned by the street railway company are operated in conjunction with the street cars, under municipal supervision through the city street railway commissioner, with universal transfers, and it will be therefore presumed that they are operated on harmonious schedules, thereby avoiding the congestion which must necessarily be caused where they are operated by different owners and upon schedules which might easily conflict. The courts may properly take into consideration the fact that the street railway company is operated by a city street railway commissioner, on a service at cost basis, which operation includes street railway busses, in which all of the people are interested, and the city therefore entitled to reasonably regulate its major municipal transportation service. If the judgment of the Court of Appeals is based upon unwarranted interference with a property right, that proposition has also been met in recent cases decided by this court, where it has been shown that a certificate of convenience and necessity is not property. There being no property in a certificate of convenience and necessity, there can be no confiscation.
 

 While the instant case is in many respects simi
 
 *90
 
 lar to
 
 Lorain Street Ry. Co.
 
 v.
 
 Public Utilities Commission, supra,
 
 it is in other respects wholly different, and therefore governed, or at least influenced, by different principles. The Youngstown city ordinance in the instant case is wholly different from the ordinance of the city of Lorain, in that the Youngstown ordinance is not distinctly a “contract with others for such product or service,” because by the provisions of the ordinance all features of operation of a street railway and the motor busses owned and operated by the street railway company are under complete municipal control, not only as to the rates and fares to be charged, but as to the character and quality of the service to be rendered, all of which is under the immediate supervision and control of the street railway commissioner. The same ordinance makes full provision for valuation of the property, and for acquisition of the property by the city at the expiration of the franchise, if desired by the city. It is therefore to all intents and purposes a municipal enterprise in which all the people of Youngstown have both a personal and a property interest. All these facts bring the instant ease clearly within the scope of Section 4, Article XVIII of the Constitution, and thereby cause the controversy to be further removed from the home rule provisions of Section 3, Article XVIII.
 

 Neither the city authorities nor the street railway company having prosecuted error from the order of the Commission, and that order having been made subsequently to the final order entered in the Court of Appeals in cause No. 18787, and the court finding nothing unreasonable or unlawful in the
 
 *91
 
 order of the Commission, so far as it affects the bns owners, this court can do no less than affirm the order of the Commission.
 

 Uponi the principles declared in
 
 Lorain Street Ry. Co.
 
 v.
 
 Public Utilities Commission, supra,
 
 the judgment of the Court of Appeals in No. 18787 must be reversed and the cause remanded for further proceeding’s in accordance with this opinion.
 

 The city of Youngstown and the Youngstown municipal railway company having both been protestants before the Public Utilities Commission, and both being apparently satisfied with the order of the Commission, and not having prosecuted error therefrom, it may be suggested that they are in no position to complain, upon the state of the record in these two cases, of the order made by the Public Utilities Commission, and it should therefore control, even though it is more favorable to the bus owners' than the ordinance of the city of Youngstown.
 

 It only remains to consider whether the procedure of the Motor Transportation Act has been followed. The application for modification was made on September 22, 1924, and heard on September 29. Five days notice was therefore given, as provided in Section 614-87, General Code. It is contended that other provisions of the Public Utilities Act should apply, and that the bus owners were therefore entitled to longer notice. It seems quite dear that the provisions of Section 614-87 apply, and that they control, uninfluenced by other sections of the Public Utilities Act. Section '614-87 makes provision for granting certificates upon affidavits being filed, and the same sec
 
 *92
 
 t-ion provides that when granted such motor transportation company shall be governed in all respects as though the certificate was made upon written application, and the same section further provides for revocation, alteration, and amendment upon 5 days notice. It is therefore not necessary to look to other sections of the Code to find the procedure governing such matters.
 

 The judgment of the Court of Appeals in cause No. 18787 is therefore reversed, and the cause remanded for further proceedings. The order of the Public Utilities Commission in cause No. 18853 will be affirmed.
 

 Judgment reversed. Order affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Bobinson, JJ., concur.