Matthias, J.
 

 This is a proceeding in error for review of an order of the Public Utilities Commission, wherein, upon complaint, and after hearing, the commission revoked the certificate theretofore issued to the Minerva-Canton Transit Company, authorizing it to operate a motorbus line over a triangular route between Canton and Minerva.
 

 Numerous instances of violation of the motor bus law (Section 614-84
 
 et seq.,
 
 General Code), and the rules and regulations of the commission were alleged in the complaint as grounds for the revocation of said certificate. \
 

 The commission found that the portion of the route extending from Minerva to Salineville, which had been granted as an extension to the route for which certificate had been originally granted, had never been operated; that the company had on several occasions materially changed its equipment without applying to, or procuring the consent of, the commission, and had failed to pay taxes upon the equipment as required by law; that equipment dedicated to said route was at various times operated on special trips; and that practically all the time during which it has held its certificate the company has failed to have on file insurance as required by law. During two periods the line was operated by receivers appointed by the courts, and the commission announced that it had difficulty in ascertaining what vehicles were utilized by the company in the operation of its route under such certificate because of the instability of the management of the company.
 

 
 *563
 
 The record contains evidence which amply sustains the finding of the commission and warrants its action in revoking the company’s certificate. This is particularly true with reference to the failure of the company to comply with the requirements to carry insurance on all busses in use and have the policies covering same on file with the commission, as required by law.
 

 Broad powers are conferred upon the commission by the Motor Transportation Act (Section 614-84
 
 et seq.,
 
 General Code), in order that the public convenience and necessity may be met by adequate transportation facilities. Like power and authority have been conferred upon the commission to supervise and regulate the service and require and enforce conformance to the law, and to its own rules prescribed under authority of law, for the purpose of protecting and safe-guarding the interests of the public.
 

 The default of the company in respect to insurance covered a considerable period of time, and is inexcusable. It was not only in disregard of the rules and regulations of the commission, but in direct violation of the law. Section 614-99, General Code. Power, full and complete, is conferred upon the commission to revoke any certificate upon good cause, after prescribed notice and an opportunity to be heard. It is not contended, and, of course, could not well be urged, that failure to comply with such requirement, which is exacted as a condition precedent to the issuance of any certificate of convenience and necessity, is not a good cause for the revocation of the certificate by the commission. It is complained that such punishment is too drastic, be
 
 *564
 
 cause it appears that the company under present management is complying with the law and the rules and regulations prescribed thereunder. The provisions of law as well as the regulations of the commission designed for the safety of the traveling public should be enforced by the commission. It is well that motor transportation -companies understand that compliance with such laws and regulations will be required and enforced. The order of the commission is lawful and reasonable, and is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.