By the Court.
 

 Cause No. 20910 is an error proceeding from the Public Utilities Commission involving alleged violation of an intrastate bus operation, granted to M. D. Boich on February 14, 1927, designated as certificate No. 2G32. He was granted an interstate certificate No. 2663 on April 15, 1927, covering the same route, but limited in its operation. No. 2632 was likewise limited in character. When the proceeding before the commission in7 volving No. 2632 was heard, a large volume of testimony was taken, and the commission on consideration refused to revoke the intrastate certificate. It was stated, however, that there were repeated violations, and the commission evidently reached its conclusions upon the theory that Boich should be given
 
 *482
 
 the benefit of the doubt; and, further, he denied any intention of violating the rules of the commission, or the conditions of his certificate, and asserted that he had no knowledge of the things that were being done by his drivers. The record was therefore brought to this court for review, and, before it was decided in this court, another protest was filed against Boich, complaining of violations of the rules of the commission and .the conditions of the interstate certificate, No. 2663. The former error proceeding was therefore held until the latter proceeding reached this court. We therefore have under consideration two error proceedings against the same operator; one of them affecting his intrastate operation, the other affecting his interstate operation. The commission refused to revoke the intrastate operation, but, on the later presentation of the testimony in opposition to the interstate certificate, granted the prayer of the protestants, and revoked the interstate certificate. Having carefully examined the record in both proceedings, it is difficult to see upon what theory the commission revoked the certificate in the interstate operation, and refused to revoke the certificate relating to the intrastate operation, except on the theory that it was inclined to be lenient with the operator in the first instance and only decided to be firm with him upon proof of his later violations.
 

 The record in each instance discloses that the violations were so frequent and so patent that the drivers must have intended to violate the rules of the commission and the conditions of the certificates, and they were so long continued that the owner of the certificates must be held to have had knowledge of them. In any event, knowledge having been brought home to him in February of 1928,
 
 *483
 
 and the violations continuing for months thereafter, until complaint was made of the manner of conducting the interstate operation, we are of the opinion that the commission did not err in revoking the interstate certificate. This court held on the 12th day of December, 1928,
 
 (Detroit-Cincinnati Coach Line, Inc.,
 
 v.
 
 Public Utilities Commission, ante,
 
 324, 164 N. E., 356,), that the commission has the power to revoke an interstate certificate for flagrant violations of valid rules and conditions. Upon the authority of that case, the order of the commission in No. 21416 must be affirmed.
 

 It would be an anomalous situation if this court should hold that the commission might revoke an interstate certificate while at the same time leaving in full force and effect an intrastate certificate covering the same route and involving substantially the same violations. The order of the commission in cause No. 20910 will therefore be reversed.
 

 Order of ¡commission in Cause No. 20910 reversed.
 

 Order of commission in cause No. 21416 affirmed.
 

 Marshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.