Matthias, J.
 

 The only question presented is whether the finding and order of the commission revoking the intrastate certificate of the plaintiff in error is unreasonable or unlawful. It is not manifestly against the weight of the evidence; on the contrary, the several
 
 *320
 
 findings of the commission are abundantly supported by the evidence.
 

 Counsel for the plaintiff in error contend that the action of the commission is in violation of Section 614-87, General Code. This section provides in substance that no certificate shall be revoked for failure to give service until the issuance of an order requiring such service and stipulating a reasonable time to comply therewith of not less than sixty days. One of the grounds upon which the order of revocation is based was the failure of the company to meet the requirements of Section 614-99, General Code, relative to liability insurance. The record shows that the commission had frequently ordered the company to cease operating until proper insurance was filed and had ordered it to cease transporting intrastate passengers under certificate No. 3404, or any other certificate. The Public Utilities Commission is not authorized to issue a certificate of convenience and necessity to a motor transportation company until such company shall have filed a liability insurance policy or bond deemed necessary to adequately protect the interests of the public. It is further provided that in the event such policy should lapse it must be replaced, and in default thereof the certificate “shall be deemed revoked.” It is thus made the mandatory duty of a motor transportation company to carry such liability insurance, and keep its policy in force, or give bond as required by statute.
 

 Specific provision was made by the Motor Transportation Act (Section 614-84,
 
 et seq.,
 
 General Code)1 covering insurance and other requirements for the purpose of protecting and safeguarding the rights and interests of the- traveling public. The failure and default upon the part of the company in this instance not only justified but required the action taken by the commission, now complained of. Certainly a failure to comply with a requirement which is exacted as a
 
 *321
 
 condition precedent to the issuance of any certificate of convenience is ample cause for the revocation of a certificate. Not only the provisions of law, but the rules and regulations of the commission authorized by statute, which are designed for the safety of the traveling public, should be rigidly enforced by the commission.
 

 This case does not present a condition of mere inadequacy of service, but one of chronic violation of law and the orders of the commission. Matters of this character have heretofore been dealt with by this court in no uncertain terms.
 
 Scheibel, Mayor,
 
 v.
 
 Hogan,
 
 113 Ohio St., 83, 148 N. E., 581;
 
 Solt
 
 v.
 
 Public Utilities Commission,
 
 114 Ohio St., 283, 150 N. E., 28;
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 117 Ohio St., 64, 157 N. E., 475;
 
 Minerva-Canton Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 561, 162 N. E., 34.
 

 The contention that the order of the commission is unauthorized and invalid, on the ground that “no state has any jurisdiction over the interstate operation other than police powers and cannot interfere with intrastate business which is incidental and sustaining to interstate commerce,” has no merit. It has been well settled that even a certificate for interstate service may be revoked for flagrant violation of valid rules and regulations.
 
 Wheeling Traction Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 481, 164 N. E., 523;
 
 Detroit-Cincinnati Coach Lines
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 324, 164 N. E., 356;
 
 Clark
 
 v.
 
 Poor,
 
 274 U. S., 554, 47 S. Ct., 702, 71 L. Ed., 1199;
 
 Sprout
 
 v.
 
 City of South Bend,
 
 277 U. S., 163, 48 S. Ct., 502, 72 L. Ed., 833, 62 A. L. R., 45. In
 
 Clark
 
 v.
 
 Poor, supra,
 
 it is said in the opinion by Judge Brandéis, at page 557,
 
 that1
 
 ‘ The highways are public property. Users of them, although engaged exclusively in interstate commerce, are subject to regulation by the State to ensure safety and convenience
 
 *322
 
 and the conservation of the highways.” It is likewise held in
 
 Sprout
 
 v.
 
 City of South Bend, supra,
 
 at page 169, that “In the absence of federal legislation covering the subject, the state may impose, even upon vehicles using the highways exclusively in interstate commerce, nondiscriminatory regulations for the purpose of insuring the public safety and convenience.”
 

 It follows that the Public Utilities Commission has authority, for good cause, to revoke a certificate of public convenience and necessity theretofore issued by it for intrastate operation regardless of its effect upon the interstate business of the holder of such certificate.
 

 Order affirmed.
 

 Weygandt, C. J., Day Allen, Stephenson and Jones, JJ., concur.
 

 Kinkade, J., not participating.