Matthias, J.
 

 The removal of the restriction sought by the applicant would constitute him a common carrier over a regular route. It is well settled that to establish the right to such certificate it is incumbent upon the applicant to show the public convenience and necessity for the proposed service, the inadequacy of existing transportation facilities or service, and that the applicant is a person of the character and responsibility to whom such certificate should be issued.
 

 
 *269
 
 The general question here is whether, from a consideration of the entire record before the Public Utilities Commission, its decision in rejecting the application for extended service is unlawful or unreasonable. We are in entire accord with the view expressed by counsel for the commission that there is conflict in the testimony relative to facts affecting the element of public convenience and necessity and inadequacy of present service. However, we deem it unnecessary to discuss the question of public convenience and necessity or the question of inadequacy of existing transportation service which counsel for the applicant insist is shown by the evidence before the commission. If that contention be conceded the record fails to support the further statement of applicant’s counsel that “we must grope in complete darkness in trying to find the basis for the denial of the application.”
 

 There is no conflict in the evidence that the applicant, over a period of years, .had been guilty of such deliberate and wilful violation of the terms of his certificate as to warrant the revocation of the certificate he now possesses. The record discloses the applicant’s repeated and unqualified admission that notwithstanding the restricted certificate granted him in 1931 he had been hauling general commodities since 1932, and that during much of that period, not only the applicant, but at least one of the shippers who patronized him, knew that the transportation by truck in which he persistently engaged was in wilful and deliberate violation of-his certificate.
 

 On October 21, 1942, the applicant sought an order of the commission removing the'restriction imposed by his certificate, which application, upon hearing, was denied. That adverse decision of the commission was wholly ignored and disregarded by the applicant and he continued to operate his trucks in direct, wilful and deliberate violation of the, specific limitation imposed
 
 *270
 
 by his certificate, in which operations he used unauthorized and illegal commodity tariffs.
 

 The hearing upon the application involved in this proceeding began on December 4, 1944, and an adjourned hearing was held on January 4, 1945. Applicant’s unauthorized and illegal operation of his trucks was continued up to and even during the time of the hearing upon his application for authority to do that which he for years had been doing contrary to and in defiance of the adverse action and orders of the commission.
 

 Applicant’s continued wilful violation of his certificate would have warranted its entire revocation by the commission. Section 614-87, General Code. This court has announced, and frequently applied, the principle that a certificate of public convenience and necessity issued to a motor transportation company by the Public Utilities Commission is a revocable license, that no property rights are thereby conferred upon the holder thereof, and hence, for good cause shown, such certificate may, at any time, be revoked, altered or amended by the commission. 33 Ohio Jurisprudence, 487
 
 et seq.,
 
 Section 148;
 
 Scheible, Mayor,
 
 v.
 
 Hogan,
 
 113 Ohio St., 83, 148 N. E., 581. This court has in every instance approved and affirmed the order of the Public Utilities Commission wherein it revoked the certificate of a transportation company guilty of the wilful violation of law or the valid rules and regulations prescribed by the commission.
 
 Solt
 
 v.
 
 Public Utilities Commission,
 
 114 Ohio St., 283, 150 N. E., 28;
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 117 Ohio St., 64, 157 N. E., 475;
 
 Miami Valley Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 117 Ohio St., 311, 158 N. E., 591;
 
 Minerva-Canton Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 561, 162 N. E., 34;
 
 Wheeling Traction Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 481, 164 N. E., 523;
 
 Oyster
 
 v.
 
 Public Util
 
 
 *271
 

 ities Commission,
 
 120 Ohio St., 510, 166 N. E., 578;
 
 Midwestern Motor Transit, Inc,,
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 317,185 N. E., 194.
 

 Granting an unlimited and unrestricted transportation license to one who has been guilty of the wilful and defiant violation of the specific terms of the limited certificate theretofore granted him would be unwarranted. A reversal of the order of the Public Utilities Commission in this case would be tantamount to a mandatory order to the commission to issue such unlimited and unrestricted certificate.
 

 It follows that the order of the Public Utilities Commission must be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Hart, JJ., concur.