John V. KUHN, Respondent,

v.

NORTH DAKOTA PUBLIC SERVICE COMMISSION, Martin Vaaler, Ernest D. Nelson, and Anson Anderson, Commissioners, Appellants.

In the Matter of the Investigation upon the Commissions Own Motion into Service Rendered by Unlimited Special Motor Carriers for the Purpose of Zoning Such Service, Case No. S–375, Sub. I.

No. 7531.

Supreme Court of North Dakota.

March 29, 1956.

Leslie R. Burgum, Atty. Gen., R. W. Wheeler, Commerce Counsel, Bismarck, for appellants.

Strutz, Jansonius & Fleck, Bismarck, for respondent.

GRIMSON, Judge.

This is an appeal from a judgment rendered by the District Court of Stark County on appeal from an order of the Public Service Commission re-zoning special certificate No. 212, governing the operation of John V. Kuhn, hereinafter called respondent, as special common motor carrier.

This special certificate, No. 212, had been issued by the Commission to Mr. Kuhn in 1935 pursuant to Chapter 188, SLND 1931. That section reads as follows:

Sec. 1(i) Chapter 188, "Special auto transportation companies shall embrace all auto transportation companies transporting persons and/or property of the class or classes usually and ordinarily transported by Class A companies under regular rates and charges made for each vehicle according to size

or capacity on a mileage or hourly basis or both, but not operating between fixed termini or over a regular route."

Certificates granted under that statute have been construed by the Commission as giving the holder authority to operate all over the state.

In Chapter 197, SLND 1941, some changes were made regarding common motor carriers. No action, however, had been taken by the Commission to limit respondent's authority under this old certificate No. 212. Finally, Chapter 277, SLND 1945, Sec. 49–1810, 1953 Suppl. NDRC 1943, was enacted. It reads as follows:

"Special common motor carriers may transport commodities within their authority in any quantity but only from or to that territory or zone for which they heretofore lawfully served, proved or hereafter may prove, public convenience and necessity. A special common motor carrier shall have the authority:

"1. To transport household goods, emigrant movables, livestock, and farm supplies or other special commodities or general commodities in truckloads as defined by the commission, from or to points not in such zone or between points on Class A routes, by the authority and under the conditions and rules set by the commission;

"2. To specify minimum shipments which the carrier shall be obliged to carry, by tariff publication, subject to the approval of the commission."

It is under this chapter that the proceedings here involved were taken.

◼ In the construction of this chapter it must be borne in mind that the transportation of passengers and freight are subject to legislative control.

In Stephenson v. Binford, 287 U.S. 251, 53 S.Ct. 181, 184, 77 L.Ed. 288, it is held:

"The highways of a state are public property; that their primary and pre-ferred use is for private purposes; and that their use for purposes of gain is special and extraordinary, which, generally at least, the legislature may prohibit or condition as it sees fit."

◼ In Scheible v. Hogan, 113 Ohio St. 83, 148 N.E. 581, the court held:

"A certificate of convenience and necessity issued to a motor transportation company by the Public Utilities Commission is a revocable license, which confers no property rights upon the holder thereof, and, for good cause shown, the same may at any time be revoked, altered, or amended by the Commission."

This holding was affirmed in Alspaugh v. Public Utilities Commission, 146 Ohio St. 267, 65 N.E.2d 263. See also Matz v. J. L. Curtis Cartage Co., 132 Ohio St. 271, 7 N.E.2d 220; Meyer v. Nebraska State Railway Commission, 150 Neb. 455, 34 N.W.2d 904.

◼ It is clear therefore that the legislature had the authority to provide for the amendment of the certificate of public motor carriers. That was done by Chapter 277, SLND 1945. On its enactment it became the duty of the Commission to zone all special common motor carriers who were still operating under the old statewide certificates. It became necessary to find out what territory such a special common motor carrier had lawfully served in the past and in what territory public convenience and necessity required such service in the future. For that purpose the Commission instituted an investigation upon its own motion under Section 28–3208, 1953 Suppl. NDRC 1943, and issued notice of hearing which was served on the respondent and which read as follows:

"Whereas the Legislature, by enactment of Section 49–1810 of the North Dakota Revised Code of 1943, as amended, has established that Special common motor carriers shall be restricted to service from or to a territory or zone heretofore lawfully served

or for which public convenience and necessity has been proved; and

"It appearing there are many outstanding unlimited Special motor carrier certificates of public convenience and necessity authorizing state wide operations,

"The Commission finds it is appropriate in carrying out the provisions of the laws governing common motor carriers and it is in the public interest that unzoned Special Common Motor Carriers be required to show this Commission what territory or zone they have heretofore lawfully served.

"It Is Ordered that public hearing be held as follows for the purpose of ascertaining what territory or zone should be served by each respondent Special carrier, and whether any such respondent should be granted authority to carry a special commodity or commodities or truckloads between points not in such territory or zone:" Then followed the time and place at which said hearing was to be held.

At the time specified the respondent, Mr. Kuhn, and his attorney came before the Commission at the Court House in Dickinson, North Dakota, and made a special appearance for the purpose of objecting to the jurisdiction of the Commission in this proceeding and moved for a dismissal on the grounds that the Commission was without jurisdiction to hear the case since no complaint against the respondent was filed, and that the notice served did not confer jurisdiction upon the Commission for the reason that the statutes of the State of North Dakota in such cases have not been complied with.

That motion was taken under advisement and the ruling withheld. Thereupon, after the customary precautionary statement that he was waiving no rights was made, Mr. Kuhn and his witnesses testified as to Mr. Kuhn's operations under his certificate No. 212. Respondent then renewed his objection to the jurisdiction and his motion to dismiss. The Commission then asked if anyone else had evidence to offer and gave all interested parties a chance to be heard. No further evidence was offered and the Commission closed the hearing and took the matter under advisement.

In due time the Commission denied the motion to dismiss and filed what it denominates as "Findings of Fact, Conclusions and Order." In that order the Commission set forth the boundaries of the districts in which the respondent, Mr. Kuhn, was authorized to operate.

Thereafter respondent, Mr. Kuhn, appealed to the district court, again assigning as error the lack of jurisdiction in the Commission, alleging the failure of the Commission to file and serve a complaint and that the Commission erred in denying his motion made at the commencement and termination of the hearing. He also claimed in those specifications of error that the evidence was insufficient to support the findings of fact, conclusions of law and order; that he was denied due process of law; that the Commission erred in zoning this special certificate No. 212, without showing good cause therefor, and that the Commission erred in attempting to restrict the transfer of certain commodities to certain areas.

The District Court found for the respondent, Mr. Kuhn, upon his objection that no complaint had been filed or notice of the special issue involved in the hearing served and considered no other errors. The court held that the Commission had no jurisdiction and remanded the case to the North Dakota Public Service Commission with the direction that "they enter their order quashing the action previously taken."

Thereupon the Commission appealed to this court. A trial de novo was not requested. Application of Midwest Motor Express, Inc. (Northern Pac. Ry. Co. v. McDonald), 74 N.D. 416, 423, 23 N.W.2d 49. But the following assignments of error were filed:

"1. The Court erred in making and entering the order herein declaring

the action taken by the Public Service Commission, done entirely without jurisdiction.

"2. The Court erred in failing to find that the Public Service Commission had adequately specified the issues to be considered in its investigation by Notice of Hearing.

"3. The Court erred in stating that the Public Service Commission had incorrectly interpreted the purposes of Section 49-1810, NDRC 1943, as amended.

"4. The Court erred in its opinion that the Commission was, without expression thereof, making charges against the respondent, Kuhn.

"5. The Court erred in its opinion that the Commission's Notice of Hearing did not embrace sufficient data to constitute a specification of issues.

"6. The Court erred in not sustaining the order of the Public Service Commission herein of December 18, 1954."

We will consider generally all these specifications except the last one.

■ It is argued that because the appellant, after objecting to the jurisdiction, proceeded to present evidence, he waived the motion he had made and gave jurisdiction to the Commission. In presenting his evidence, however, he did not in any way ask for relief which could be granted only if the Commission had jurisdiction. This matter was thoroughly analyzed in Petition of Village Board of Wheatland, 77 N.D. 194, 42 N.W.2d 321, 324, where this court held:

"A defendant in an action or a party who has been cited to appear before an administrative agency, who has made timely and proper objection to the jurisdiction of the court or agency over the person of the defendant or the party cited does not waive the objection by participating in the trial on the merits after the objection has been overruled, and exception taken to such ruling. Nor does he waive such objection where he participates in the trial on the merits where the court or agency reserves or defers ruling on the objection and directs that witnesses be called to testify, as the inference reasonably to be drawn from what transpires is that the taking of testimony will be subject to the objections which have been filed and to the ruling which eventually will be made thereon." See also cases cited in that case.

Clearly there was no waiver of the objection to the jurisdiction.

■ The next question for consideration is whether the notice is sufficient. The respondent claims that no complaint was filed and therefore no jurisdiction obtained. He cites: Section 28-3205, 1953 Suppl. NDRC 1943.

In cases brought against a motor carrier upon some charge against him, said section provides:

"In all proceedings brought before an administrative agency having jurisdiction of the subject matter, the petitioner, or the administrative agency when acting upon its own initiative, shall prepare and file a clear and concise statement or complaint with the agency having jurisdiction of said proceeding. Said complaint shall contain a concise statement of the claims or charges upon which the petitioner relies, and the relief sought."

This is not a case of that kind. There is no charge here made against respondent Mr. Kuhn. It is rather a matter of an investigation by the Commission on its own motion to determine the extent of the territory in which a new certificate should empower Mr. Kuhn to act. Under such circumstances Section 28-3208, 1953 Suppl. NDRC 1943, provides:

"Whenever an administrative agency, pursuant to authority conferred upon it by law, shall institute an investigation upon its own motion or with-

out the filing of a specified complaint, or shall hold any hearing or make any independent investigation upon the claim or request of any person, no decision shall be made by the agency until all parties in interest shall have been furnished with a written specification of the issues which are to be considered and determined, nor until an opportunity shall have been afforded to such parties to present evidence and to be heard upon the precise issues so specified."

It is not necessary under this provision and the facts in this case to file a complaint. The respondent, however, must be served with a written specification of the issues that are to be considered and determined and an opportunity given to the respondent in such cases to present his evidence and be heard on the issues so specified.

■ The question here is whether this notice served on Mr. Kuhn complied therewith. The notice specifically refers to Section 49–1810, NDRC 1943 as amended, and that in accordance therewith, "special motor carriers shall be restricted to service from or to a territory or zone heretofore lawfully served or for which public convenience has been proved." Then referring to "many outstanding, unlimited special motor carrier's certificates of public convenience and necessity" authorizing state-wide operations, the notice states that the Commission "finds it is appropriate in carrying out the provision of the laws governing common motor carriers and it is in the public interest that unzoned special common motor carriers be required to show this Commission what territory or zone they have heretofore lawfully served." The notice then provides that "public hearing be held as follows for the purpose of ascertaining what territory or zone should be served by each respondent special carrier, and whether any such respondent should be granted authority to carry a special commodity or commodities or truckloads between points not in such territory

or zone." Then follows a statement of the time and place where the hearing will be held.

Taking the notice as a whole it is clear that the respondent, Kuhn, in this investigation for zoning his certificate was notified that he had to show that he had an outstanding, unlimited certificate of public convenience and necessity, authorizing state-wide operations and that he must show for what territory public convenience requires his services now and whether public convenience requires that he should serve points not in such territory.

From the record made it appears that the respondent understood that. He presented some evidence not only on what territory he had served but which also would bear on the convenience and necessity for such service to continue.

We hold the notice sufficient to inform the respondent, Kuhn, of the issues to be determined. The decision of the district court finding that the Commission did not have jurisdiction must be reversed.

Section 28–3219, NDRC 1943, prescribes the scope and procedure on appeal from determination of the agency and after providing that the court shall hear the appeal on the record made before the Commission provides that "the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or *that any provisions of this chapter have not been complied with in the proceedings before the agency,* or that the rules of procedure of the agency have not afforded the appellant (respondent, Kuhn) a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or *that the conclusions and decision of the agency are not supported by its findings of fact.* If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court." (Emphasis supplied.)

The Commission failed to make any proper findings of fact. Section 28–3213, NDRC 1943 provides that after the evidence has been received, briefs filed and arguments made, "the agency (The Commission) shall make and state concisely and explicitly its findings of fact and its separate conclusions of law, and the decision of the agency based upon such findings and conclusions." The Commission signs as. findings of fact, (1) "That special certificate No. 212 should be zoned as follows:" It then describes the boundaries of said zone dividing it into three classes, first, for general commodities, second, for transportation of livestock, third, for heavy machinery. In each case a separate zone is described. (2) "That the zoning of this certificate is consistent with public interest and the interest of the carrier." This sentence is then repeated as a conclusion of law and an order made establishing the zone which is exactly the same as the alleged finding of fact, No. 1. These alleged findings are only conclusions of law.

There are no findings as to what territory respondent had served up to the time of the hearing nor any finding upon the matter of convenience and necessity for limiting his zone to the extent the Commission ordered. Both the district court and this court were deprived of "the value which attaches to the acumen and aptitude of skilled men whose business is to hear and determine such questions as the one involved—the value which attaches to their training and experience." In re Theel Bros. Rapid Transit Co., 72 N.D. 280, 287, 6 N.W.2d 560, 564. Without the benefit of the conclusion of the Commission on the facts we are not justified in attempting to review the evidence to determine whether the court erred in not sustaining the order of the Public Service Commission as alleged in specification No. 6.

"The orders made by the commission must be based upon findings, and the findings must be based upon substantial evidence. Lowden v. Illinois Commerce Commission, 376 Ill. 225, 33 N.E.2d 430, 39 P.U.R.,N.S., 483." In re Theel Bros. Rapid Transit Co., supra.

For the failure by the Commission to make findings of fact as required by Section 28–3213, NDRC 1943, this case must be remanded to the Commission for the making of such findings. Section 28–3219, NDRC 1943; Bickley v. Pennsylvania Public Utility Commission, 129 Pa.Super. 115, 195 A. 162.

It is therefore ordered, that this case be returned to the district court for remand to the Public Service Commission with directions that it make specific findings of fact; and for that purpose, if necessary or if respondent requests it, the Commission re-open the case for additional evidence as to respondent's operations in the past and as to the extent of the territory public convenience and necessity may show he should now serve; that upon the evidence already taken and additional evidence, if any, the Commission then make its. findings of fact, conclusions and order.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.