**OHIO TRANSPORT, Inc., Appellant,**

**v.**

**PUBLIC UTILITIES COMMISSION OF OHIO (Robert L. Moulton, Chairman, Ralph A. Winter and Edward J. Kenealy, Commissioners), Appellees.**

**No. 13016.**

United States Court of Appeals Sixth Circuit.

April 26, 1957.

Myron Epstein, New York City (Edward J. Hayes, Washington, D. C., Donald M. Hamilton, Sr., Columbus, Ohio, on the brief), for appellant.

Ralph N. Mahaffey, Columbus, Ohio (C. William O'Neill, Paul Tague, Jr., Columbus, Ohio, on the brief), for appellees.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

This appeal is addressed to a judgment of the District Court dissolving a preliminary injunction against appellee, Public Utilities Commission of Ohio, hereinafter called the Commission, and entering judgment in its favor in an action to enjoin the Commission from enforcing an order theretofore entered revoking appellant's intrastate irregular certificate and intrastate contract per-

mit authorizing appellant to operate as a motor vehicle carrier within the State of Ohio.

The case arose out of the following facts which are undisputed: The Commission, after due citation and hearing in accordance with Ohio statutes, cancelled and revoked the certificate and permit of appellant corporation for violation of Ohio statutes with reference to the total weights prescribed and authorized to be carried in motor vehicle transportation under Sections 7246 and 7248-1, General Code of Ohio. Appellant, in accordance with Ohio statutes, appealed the decision of the Commission to the Supreme Court of Ohio, which affirmed the orders of the Commission, Ohio Transport, Inc., v. Public Utilities Commission of Ohio, 164 Ohio St. 98, 128 N. E.2d 22, 27.

The Supreme Court found:

"Examination of the record upon which the commission based its order of revocation discloses that appellant hauled approximately 900 shipments of steel in excess of the maximum gross weight prescribed by law; that 210 of these overloads were hauled during December 1952 alone, for an average of 7 overloads per day or 52.5 overloads per week; that a large proportion of these overloads exceeded 84,000 pounds and two of them were in excess of 90,000 pounds; that all but eight of citee's 35 drivers, interviewed by the highway patrol, acknowledged that they had knowingly hauled overloads during the period covered by the commission's citation; that both citee and citee's drivers had knowledge of these overloads; and that citee billed the consignees on the basis of these excessive weights."

Appellant claims that its constitutional rights are violated because it was not accorded the immunity provided by Section 4903.08 of the Revised Code of Ohio. This section reads as follows:

"No person shall be excused from testifying or from producing accounts, books, and papers, in any hearing before the public utilities commission [,] any public utilities commissioner, or any person appointed by the commission to investigate any matter under its jurisdiction, on the ground or for the reason that the testimony or evidence might tend to incriminate him, or subject him to a penalty or forfeiture. No such person shall be prosecuted or subjected to any penalty or forfeiture on account of, any transaction or matter concerning which he has testified or produced any documentary evidence. No person so testifying shall be exempted from prosecution or punishment for perjury in so testifying."

The cancellation of its certificate, appellant contends, constituted a forfeiture of its license in violation of Section 4903.08 and in violation of the Fourteenth Amendment to the United States Constitution. The District Court gave judgment for the Commission upon the ground that the immunity extended by the statute in terms is available "to the witness testifying" and not to the appellant corporation. This was the express holding of the Supreme Court of Ohio in Ohio Transport, Inc., v. Public Utilities Commission of Ohio, supra, 164 Ohio St. at page 106, 128 N.E.2d at page 28.

■■ We think the judgment of the District Court is clearly correct, not only upon the ground stated, but upon other important grounds. The scope of the grant of immunity in Section 4903.08 and the status of the license granted by the Commission under a certificate of convenience and necessity raise a question of local law upon which the judgment of the highest state court of Ohio is controlling here.

■ The holding of the Supreme Court of Ohio that the revocation of a common carrier's permit does not con-

stitute a penalty or forfeiture is established law in Ohio. A certificate to operate a motor vehicle carrier engaged in interstate or intrastate commerce confers no property rights. It is simply a revocable license. Scheible v. Hogan, 113 Ohio St. 83, 148 N.E. 581; Alspaugh v. Public Utilities Commission of Ohio, 146 Ohio St. 267, 65 N.E.2d 263; Ohio Transport, Inc., v. Public Utilities Commission of Ohio, supra, 164 Ohio St. 98, 128 N.E.2d 22.

Appellant's permit to operate in interstate commerce was received subject to the power of revocation for cause by the Commission. This power of revocation has repeatedly been upheld by the Supreme Court of Ohio. Solt v. Public Utilities Commission, 114 Ohio St. 283, 150 N.E. 28; The Miami Valley Transit Company v. Public Utilities Commission, 117 Ohio St. 311, 158 N.E. 591. No property rights protected by the Fourteenth Amendment are destroyed by such revocation. This is the general rule under federal as well as under state law. Cf. Federal Communications Commission v. National Broadcasting Company, Inc., 319 U.S. 239, 247, 63 S.Ct. 1035, 87 L.Ed. 1374.

■ The validity of the Commission's order was squarely presented in the Supreme Court of Ohio and its decision is res judicata here. The facts relied upon in the instant action are identical with those presented in the Supreme Court of Ohio and the causes of action are essentially the same.

A similar question was raised in the Supreme Court of the United States in Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 50 S.Ct. 374, 74 L. Ed. 972. In that case a judgment of the Supreme Court of Ohio, 119 Ohio St. 264, 163 N.E. 713, had affirmed upon review under the Ohio statute an order of the State Public Utilities Commission granting appellant leave to operate passenger motor buses within the state but forbidding the inclusion of a loop to a point in an adjoining state. An action in the Federal Court prayed for relief upon the ground that plaintiff's constitutional rights were violated by the order of the state commission. The judgment of the Supreme Court of Ohio was held to be res judicata in a suit in the federal court, D.C., 33 F.2d 323, upon the question whether the prohibition in the order violated the rights of appellant under the commerce clause of the Federal Constitution and under the privilege and immunities clause of the Fourteenth Amendment. The Supreme Court of the United States adhered to the rule that a judgment upon the merits in one suit is res judicata in another suit where the parties and subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Under the decision in the Grubb case, supra, the holding of the Supreme Court of Ohio in Ohio Transport, Inc., v. Public Utilities Commission of Ohio, supra, is conclusive here.

In the Grubb case the United States Supreme Court points out that the state and federal courts have concurrent jurisdiction over civil suits arising under the Constitution and laws of the United States, including the commerce clause, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts. In its recent decisions the United States Supreme Court holds that the rule of comity and "a sound respect for the independence of state action," Burford v. Sun Oil Company, 319 U.S. 315, 334, 63 S.Ct. 1098, 1107, 87 L.Ed. 1424, forbid undue interference between federal courts and the courts of a state. Appellant here asks the District Court in practical effect to review a decision of the Supreme Court of Ohio. This is particularly frowned upon by the Supreme Court of the United States with reference to cases involving orders of state administrative bodies. Burford v. Sun Oil Company, supra; Alabama Public Service Commission v. Southern Railway Company, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002;

Public Service Commission of Utah **v.** Wycoff Company, Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291.

The judgment of the District Court is affirmed.